## W. A. Fraser Company, Appellee, v. The Chicago, Burlington & Quincy Railroad Company, Appellant.

### Gen. No. 18,907. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. H. C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed March 26, 1914. Rehearing denied April 9, 1914.

### Statement of the Case.

Action by W. A. Fraser Company against The Chicago, Burlington & Quincy Railroad Company to recover for the loss of grain shipped by the plaintiff over the railroad of defendant at various times during a period of eight years. Plaintiff was in the grain

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

business and operated a grain elevator in each of nine towns in Illinois along the line of defendant's road. About 5,300 cars of grain were delivered to and transported by the defendant for the plaintiff during said eight years, and plaintiff's claim is for the value of grain alleged to have been lost in transit, as shown by the difference between the weights of the grain as loaded into defendant's cars and as delivered from such cars at destination. From a judgment in favor of plaintiff for $22,087.87, defendant appeals.

WILLIAM D. BARGE, for appellant; CHESTER M. DAWES and J. A. CONNELL, of counsel.

CHARLES A. BUTLER and BROWN & EWEN, for appellee; WARREN PEASE, CHARLES P. MOLTHROP and FRANKLIN RABER, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 148*—*when computation as basis for damages for loss of grain in various shipments inadmissible.* In an action against a railroad company for the loss of grain in transit on various shipments made by the plaintiff during a period of eight years, proof of the value of the grain lost by permitting a witness for plaintiff to testify as to a computation made by multiplying the total loss in each of the shipments by the average of the prices obtained for the grain which was delivered upon the several dates when it was delivered, *held* inadmissible, and allowing such proof *held* reversible error, it appearing that the jury made the computation a basis for its verdict.

2. CARRIERS, § 137*—*proof of damages resulting from breach of contracts contained in various bills of lading.* Where an action against a carrier is to recover damages for breach of contracts contained in various bills of lading, plaintiff is required to prove a breach of each contract and damages resulting therefrom and the question that each of the bills of lading constitute a separate and independent contract depends, to some extent at least, upon the circumstances under which such bills of lading were issued.

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when proof is limited to claim made by plaintiff's statement.* In the Municipal Court, where formal pleadings are not required, the name given to the action by the plaintiff is not necessarily decisive of the right to recover, but he is limited in his evidence to the claim he has made. He cannot make one claim in his statement and recover upon proof of another, without amendment.